UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HANNAH L.,

                                        Plaintiff,

v.                                                                            5:25-cv-0899
                                                                               (GTS/CBF)


COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

_____

APPEARANCES:                                              OF COUNSEL:

OLINSKY LAW GROUP                                    HOWARD D. OLINSKY, ESQ.
250 South Clinton Street - Suite 210
Syracuse, NY 13202
Counsel for Plaintiff

SOCIAL SECURITY ADMINISTRATION          GEOFFREY M. PETERS, ESQ.
6401 Security Boulevard
Baltimore, MD 21235
Counsel for Defendant

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

## I.     INTRODUCTION

Hannah L. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a final decision of the Commissioner of Social Security ("Commissioner" or

"Defendant") denying her application for benefits.  (Dkt. No. 1.)  Both parties filed briefs, which

the Court treats as motions under Federal Rule of Civil Procedure Rule 12(c), in accordance with

General Order 18.  (Dkt. Nos. 11, 12.)  Plaintiff also filed a reply brief.  (Dkt. No. 14.)  For the

reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied, Defendant's motion is granted, and the decision of the Commissioner is affirmed.

## II.    BACKGROUND

On August 30, 2021, Plaintiff protectively filed an application for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act ("SSA").  *See* T. 15.[1] She alleged disability beginning on January 8, 2020, due to schizophrenia, borderline personality disorder, and disassociation episodes.  *Id*. at 72.  Her application was initially denied on January 4, 2022, and again upon reconsideration on April 7, 2022.  *Id*. at 15.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  *Id*. Following hearings on September 12, 2022, and April 10, 2023, ALJ Elizabeth W. Koennecke issued a written decision finding Plaintiff was not disabled under the SSA at any time from her alleged onset date though the date of the ALJ's April 20, 2023, decision.  *See id*. at 15-34.  The Appeals Council denied Plaintiff's request for review on July 20, 2023, rendering ALJ Koennecke's decision the final decision of the Commissioner.  *See id*. at 1-3.

Plaintiff filed a complaint in the Northern District of New York on August 28, 2023.  *See Hannah L. v. Comm'r of Soc. Sec.*, No. 5:23-CV-1091 (DNH/MJK), Dkt. No. 1.  On August 7, 2024, the Hon. David N. Hurd, United States District Judge, ordered that the Commissioner's decision be reversed and remanded following the parties' stipulation of consent to remand.  *Id.*, Dkt. No. 22; *see also* T. 1091-92.  The Appeals Council issued an Order vacating the final

---

[1]     The Administrative Record/Transcript is found at Dkt. No. 8.  Citations to the Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns.  Citations to the parties' submissions will use page numbers assigned by CM/ECF, the Court's electronic filing system.

decision of the Commissioner and remanding the case to an ALJ for further proceedings on September 18, 2024.  T. 1097-99.

On April 30, 2025, Plaintiff appeared for a hearing before ALJ Gretchen Greisler.  *See id*. at 1026-46.  On May 9, 2025, ALJ Greisler issued a written decision finding Plaintiff was not disabled under the SSA from January 8, 2020, the alleged onset date, through the date of the ALJ's decision.  *See id*. at 993-1015.[2]  Plaintiff timely commenced this action on July 10, 2025. *See generally*, Dkt. No. 1.

## III.   LEGAL STANDARDS

### A.  Standard of Review [3]

In reviewing a final decision of the Commissioner, a court must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the decision.  *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013).  "Failure to apply the correct legal standards is grounds for reversal."  *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted).  Therefore, a reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence.  *Johnson v. Bowen*, 817 F.2d 983, 986-87 (2d Cir. 1987).

---

[2]     Because Plaintiff did not file written exceptions and the Appeals Council did not review the ALJ's decision, the ALJ's decision of May 9, 2025, became the final decision of the Commissioner.  *See* T. 990-92; Dkt. No. 11 at 6.

[3]     While the Supplemental Security Income program has special economic eligibility requirements, the requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, therefore, "decisions under these sections are cited interchangeably."  *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks and citation omitted). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). Further, where evidence is deemed susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)) (additional citation omitted). If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford* 685 F.2d at 62) (additional citations omitted). A reviewing court cannot substitute its interpretation of the administrative record in place of the Commissioner's if the record contains substantial support for the ALJ's decision. *See Rutherford*, 685 F.2d at 62.

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate.  *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d, 34, 39 (2d Cir. 1996).  Remand may also be appropriate where the ALJ has failed to develop the record, adequately appraise the weight or persuasive value of witness testimony, or explain his reasonings.  *See Klemens v. Berryhill*, 703 F. App'x 35, 35-38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008); *Pratts*, 94 F.3d at 39.

## B.  Standard for Benefits

To be considered disabled, a plaintiff seeking disability benefits must establish she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  Additionally, the claimant's:

> physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work.

*Id*. § 423(d)(2)(A).

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity"

5

> assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess*, 537 F.3d at 120; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v)).  The claimant bears the burden of proof regarding the first four steps.  *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).  If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working.  *Id*.

## IV.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process promulgated by the Commissioner for adjudicating disability claims.  *See generally*, T. 993-1015.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id*. at 996.  Proceeding to step two, the ALJ determined Plaintiff had the following severe impairments: "schizoaffective disorder, personality disorder, anxiety disorder, depressive disorder, and Asperger's disorder."  *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  *Id*.  The ALJ next determined Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain additional limitations, specifically, Plaintiff

> can understand, remember, and carry out simple instructions; can perform work without a specific production rate pace, such as an assembly line or hourly production quotas; can engage in occasional interaction with coworkers and supervisors to perform tasks that do not require sharing of job tasks or working in close coordination with others; cannot interact with the public; can make simple

6

> decisions and tolerate occasional work changes; and requires ready access to the restroom, but the need to use the restroom can generally be accommodated by the customary morning, midday and afternoon breaks.

*Id*. at 998.  At step four, the ALJ found Plaintiff had no past relevant work.  *Id*. at 1013.

At step five, the ALJ determined, based on her age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  *Id*.  Accordingly, the ALJ concluded Plaintiff was not disabled from her alleged onset date, January 8, 2020, through the date of the ALJ's decision.  *Id*. at 1014.

## V.    DISCUSSION

Plaintiff argues "[t]he ALJ failed to properly evaluate the opinion of [consultative examiner] Jeanne Shapiro, Ph.D.," and "failed to adequately explain her consideration of how the factors of supportability and consistency led her to find the assessment by Dr. Shapiro to be unpersuasive."  (Dkt. No. 11 at 10.)  Defendant contends the ALJ did not err in discounting the more restrictive portions of Dr. Shapiro's opinion based on a reasonable evaluation of the supportability and consistency of said opinion.  (Dkt. No. 12 at 6-15.)  The Court agrees with the Defendant.

An ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  With respect to "supportability," the regulations provide, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  *Id*. §§ 404.1520c(c)(1), 416.920c(c)(1).  The regulations provide with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other

medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. §§ 404.1520c(c)(2), 416.920c(c)(2).

Here, after reciting the findings from the consultative examiner's November 9, 2021, evaluation of Plaintiff, the ALJ acknowledged "Dr. Shapiro has an understanding of our disability program's policies and evidentiary requirements" and "supported her opinion with an examination of the claimant," but determined "the objective findings from this examination do not entirely support Dr. Shapiro's opinion." T. 1012 (citing T. 632-33). To that end, the ALJ explained that

> Dr. Shapiro indicated that the claimant had marked limitations in interacting with others and marked to extreme limitations regulating her emotions, controlling her behavior, and maintaining well-being. However, Dr. Shapiro observed that the claimant's demeanor and responsiveness to questions was cooperative and that the claimant's manner of relating, social skills, and overall presentation were adequate despite "a little bit" of restless motor behavior and a "somewhat anxious affect" during the examination.

*Id*. (citing T. 632-33). The ALJ further noted "[t]he only objective abnormalities Dr. Shapiro observed during her examination was [sic] the claimant's motor behavior, which was 'a little bit restless', 'somewhat anxious' affect, impaired memory skills, intellectual functioning that appeared in the impaired range, a 'somewhat limited' general fund of information, poor insight, and poor judgment." *Id*. (citing T. 632-33).

In light of the foregoing, the Court finds Plaintiff's contention that the ALJ failed to explain how she considered the factor of supportability with regard to Dr. Shapiro's opinion unavailing. Plaintiff argues "[t]he ALJ's rejection of the marked and extreme mental restrictions assessed by Dr. Shapiro on the basis that 'the objective findings from this examination do not entirely support Dr. Shapiro's opinion,' fails to satisfy the regulations which require explanation of the factor of supportability." (Dkt. No. 11 at 15 [citing T. 1082]). In her reply, Plaintiff avers

"ALJs are not at liberty to require substantiation of mental impairments by objective medical evidence, as would be required for a medical impairment, because the diagnostic techniques employed in the field of psychology are less tangible than those in the field of medicine." (Dkt. No. 14 at 2.) Plaintiff's apparent contention that an ALJ may not discount an examiner's opined limitations where such limitations are not supported by *that examiner's own findings* is wholly unsupported. *See*, *e.g.*, *Villier on behalf of N.D.D.R. v. Comm'r of Soc. Sec.*, 2024 WL 2174236, at *2 (2d Cir. May 15, 2024) (finding "no error in the ALJ's explanation or his findings with respect to Dr. Singh's opinion" where "Dr. Singh's opinion that [the claimant] had marked and extreme limitations was not supported by his own treatment notes . . . ."); *Nicholas S. v. Comm'r of Soc. Sec.*, No. 5:23-CV-1613, 2024 WL 5507566, at *6 (N.D.N.Y. Nov. 14, 2024) (Katz, M.J.) ("The ALJ reasonably concluded that [] Dr. Slowik's opinion for marked limitations was not supported by her unremarkable examination findings."), Report and Recommendation adopted, 2025 WL 876077 (N.D.N.Y. Mar. 20, 2025) (Kahn, J.); *Porteus v. O'Malley*, 2024 WL 2180203, at *2 (2d Cir. May 15, 2024) ("[T]he ALJ adequately explained that he found unpersuasive Dr. Carr's assessment of certain marked work-related limitations, concluding that such limitations were unsupported by . . . Dr. Carr's own mental status examination findings . . . .").[4] Moreover, the Court agrees with the Defendant that, insofar as Plaintiff contends Dr.

---

[4]     Plaintiff attempts to distinguish the instant case from *Villier*, arguing she "faulted the ALJ for requiring objective medical evidence, which is entirely different from the reasoning given by the ALJ in *Villier on behalf of N.D.D.R.*, who discounted [the medical source]'s opinion because it was 'not supported by [the examiner's] own notes.'" Dkt. No. 14 at 2 (quoting 2024 WL 2174236, at *2). However, ALJ Greisler did, in fact, discount Dr. Shapiro's opined marked and extreme limitations as unsupported by Dr. Shapiro's own examination findings, noting "Dr. Shapiro indicated that the claimant had marked limitations in interacting with others and marked to extreme limitations regulating her emotions, controlling her behavior, and maintaining well-being. *However, Dr. Shapiro observed* that the claimant's demeanor and responsiveness to all questions was cooperative and that the claimant's manner of relating, social skills, and overall

9

Shapiro's findings *do* support the more restrictive limitations rejected by the ALJ, such reweighing of the evidence is not permitted. *See, e.g.*, *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016). Simply put, the ALJ appropriately considered whether Dr. Shapiro's opinion was supported by her own examination findings. Moreover, for the reasons discussed below, even though Dr. Shapiro's report includes notations of subjective reports of symptoms by Plaintiff that Dr. Shapiro seemingly relied upon related to the marked or extreme limitations the ALJ rejected, an ALJ is not required to credit an opinion based on a claimant's subjective reports (regardless of whether the impairments involved are mental or psychological) where he or she finds, as the ALJ did here, that the evidence in the record as a whole does not support the intensity, persistence, and limiting effects of a claimant's subjectively reported symptoms.

Turning to the consistency factor, the ALJ found "Dr. Shapiro's opinion is [] inconsistent with the totality of the record, which documents improvements in the claimant's mental symptoms with treatment and no need for intensive outpatient or inpatient care." T. 1012 (citing T. 585-622; 637-726; 727-87; 788-848; 853-57; 858-917; 918-36; 937-49; 950-76; 1315-1422; 1438-1541). Plaintiff argues that "the ALJ's statement that the record documents 'no need for intensive outpatient or inpatient care,' is simply inaccurate. Dr. Shapiro documented a history of psychiatric hospitalization as well as outpatient treatment." (Dkt. No. 11 at 15 [citing T. 1082; 630].) While Plaintiff is correct that Dr. Shapiro reported Plaintiff "had one psychiatric hospitalization at Saint Joseph's Hospital in 2019 for treatment of depression," T. 630, as the Defendant points out, Plaintiff's 2019 hospitalization occurred prior to her alleged onset date of

---

presentation were adequate . . ." and "*the only objective abnormalities Dr. Shapiro observed* during her examination was [sic] the claimant's motor behavior, which was 'a little bit restless', 'somewhat anxious' affect, impaired memory skills, intellectual functioning that appeared in the impaired range, a 'somewhat limited' general fund of information, poor insight, and poor judgment . . . ." T. 1012 (citing T. 632-33) (emphasis added).

January 8, 2020. *See*, *e.g.*, *Angele J. W. v. Comm'r of Soc. Sec.*, No. 6:23-CV-00824, 2024 WL 4204301, at *5 (N.D.N.Y. July 24, 2024) (Hummel, M.J.) (explaining, "medical evidence that predates the alleged disability onset date is ordinarily not relevant to evaluating a claimant's disability.") (internal quotations and citations omitted), Report and Recommendation adopted, 2024 WL 4204017 (N.D.N.Y. Sept. 16, 2024) (Sannes, C.J.).

Moreover, the ALJ provided a thorough summary of Plaintiff's mental health treatment, *see* T. 1000-08, throughout the relevant period and explained, "records note that the claimant's mental signs, symptoms, and functional abilities improve when compliant with treatment." T. 1000. Plaintiff asserts "[w]hile some of the supportive facts cited by the Commissioner in the case at bar were referenced in the ALJ's general summary of the evidence, the ALJ herself did not explain how notations in the evidence summary disprove the mental restrictions which Dr. Shapiro assessed." (Dkt. No. 14 at 3.) However, the ALJ was not required to "disprove" the limitations assessed by the consultative examiner, instead, the relevant inquiry is "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original) (citing *Selian v. Astrue*, 708 F.3d 409, 417 [2d Cir. 2013]) (additional citation omitted). The ALJ's detailed recitation of the evidence related to the findings of the relevant physicians who treated or examined her for her medical impairments, which generally suggests improved symptoms and functional ability during periods of compliance with medications, treatment, and physician recommendations to avoid substance or alcohol use, sufficiently provides a logical bridge between the evidence and the ALJ's conclusion that marked or extreme limitations were not warranted by the record.

As the Defendant points out, state agency medical consultant S. Hennessey, Ph.D., reviewed the available medical evidence on November 24, 2021, including the report from Dr.

11

Shapiro's November 9, 2021, examination of the Plaintiff, and determined "[t]he CE MSE provider opinion of marked limitations was considered, and evaluated as not persuasive because it was not consistent with treatment source evidence, and reported daily living skills."  T. 84. Similarly, on April 5, 2022, state agency consultant C. Walker, Ph.D. reviewed the available medical evidence and concluded the "most recent [medical source examinations] in file are not reflective of marked impairment."  *Id*. at 148.  Dr. Walker further opined that

> Data support the presence of a severe psychiatric impairment that results in more than minimal functional limitations.  Despite these, [t]he claimant is able to understand and remember simple and some more detailed but not highly complex instructions and procedures only.  The claimant may have difficulties with concentration, persistence or pace as described above, but is able to complete routine tasks at a reasonable pace.  The cl[ai]m[an]t may benefit from an environment with superficial interactions.  The claimant exhibits some difficulty with adaptation but is able to cope with basic changes and make routine decisions.

*Id*.  The ALJ found the opinions of Dr. Hennessey and Dr. Walker to be persuasive.  *See id*. at 1010-11.

Finally, Plaintiff emphasizes "this is not a case in which the CE was performed in the context of a prior application . . . . Dr. Shapiro's exam was performed on November 9, 2021, well into the period at issue."  (Dkt. No. 11 at 15.)  However, the fact that Dr. Shapiro examined Plaintiff during the relevant period did not preclude the ALJ from finding Dr. Shapiro's opined marked to extreme limitations were not consistent with the totality of the record evidence throughout the whole length of that relevant period.  Rather, "[t]here is no requirement that the agency accept the opinion of a consultative examiner concerning a claimant's limitations . . . ." *Pellam v. Astrue*, 508 F. App'x 87, 89 (2d Cir. 2013); *see also*, *e.g.*, *Walker v. Colvin*, No. 3:15-CV-0465, 2016 WL 4768806, at *10 (N.D.N.Y. Sept. 13, 2016) (Hummel, M.J.).  Accordingly, the Court finds no error in the ALJ's explanation of the consistency factor.

In sum, Plaintiff's contention that ALJ Greisler failed to adequately explain how she considered the supportability and consistency factors with respect to the persuasiveness of Dr. Shapiro's opinion is meritless. Therefore, Plaintiff has failed to demonstrate remand of the Commissioner's decision is warranted.

## VI.    CONCLUSION

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED** and the Clerk of Court is directed to enter judgment and close the case.


Dated:  April 22, 2026
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

13